EUNICE MITCHELL, Appellant, v. PATRICK SMITH et al., JOHN G. FLAMMER, Purchaser, Respondents.

A construction of a statute which dissolves or impairs the lien of a mortgage by proceedings to which the mortgagee is not a party, and of which he has no notice, will not be adopted unless clearly required by the language of the act.

The lien, upon premises situate in the city of New York, of a judgment rendered under and in pursuance of the provisions of the act of 1871, in reference to buildings in that city (chap. 625, Laws of 1871), does not affect the lien of a prior mortgage upon the premises; nor does the provision of said act (§ 33), which declares that the lien of the judgment may be enforced, notwithstanding the premises may be transferred after the filing of notice of *lis pendens* in the action, include a judicial sale upon foreclosure of such a mortgage.

Judgments under this act are, like other judgments, subject to all prior liens, and sales upon such prior liens have the same effect thereon.

(Submitted June 10, 1873; decided September 23, 1873.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, affirming an order of Special Term, denying a motion, on the part of plaintiff, for an order requiring John G. Flammer, a purchaser of a portion of the premises sold in this action, to complete his purchase and take the referee's deed.

This was an action for the foreclosure of a mortgage cover-

ing four lots in the city of New York, upon which were unfinished buildings.

Previous to the execution of the mortgage, a *lis pendens* was filed in the office of the clerk of the city and county of New York, affecting the lots, by the department of buildings, under chapter 625, Laws of 1871. By an order of the Court of Common Pleas, entered on consent, this *lis pendens* was canceled and the mortgage in question was then executed. The notice of pendency of this action was filed on the 28th September, 1872. But prior thereto, the department of buildings had filed another *lis pendens* for an alleged violation of the building act, and they were made parties defendants in the foreclosure action. The complaint alleged that their lien or interest was subsequent to the plaintiff's mortgage, and prayed that it be foreclosed. The department appeared, suffered judgment by default, and the mortgaged premises were sold on the 29th January, 1873, under the judgment in this action. The premises were sold in four several parcels. John G. Flammer was the purchaser of one of the parcels; he refused to complete his purchase because of another claim and notice of *lis pendens* of the department of buildings. This notice appears to have been filed on the 23d day of December, 1872, after the judgment in this action. This *lis pendens* was filed in proceedings commenced by the department of buildings, in the New York Common Pleas, under said act, against Alexander Thain, to compel him to make safe and secure two of the buildings on the lots, including the one in question. Thain, at the time, was the owner of the property. In those proceedings a precept was issued, under section 38 of said act, to the superintendent of buildings, commanding him to repair and secure one of the foundation walls of the building on the lot which had been bid off by said purchaser. The precept was issued on the 10th January, 1873, which was before the foreclosure sale, although no work was done under it until afterward, and the plaintiff was not made a party to the statutory proceedings. The department of buildings claims a lien for the expenses of the work done and costs,

and the purchaser insisted that the amount should be allowed to him and deducted from the sum which was bid by him for the lot.

*Underhill & Ulshoeffer* for the appellant. ˉ The lien of the department did not take precedence over prior incumbrances. (Laws 1860, p. 933, § 74; Laws 1862, p. 593, § 39; Laws 1866, p. 2029, § 34; id., 2034, § 68; Laws 1871, p. 1364, § 38; id., 1359, §§ 33, 40.) There is nothing in the nature of these penalties and expenses of the department that makes them a first lien on real estate. (*People ex rel. Griffin* v. *Mayor, etc., of Brooklyn,* 4 Comst., 419; *Knox* v. *Mayor, etc.,* 55 Barb., 404; 33 How. Pr., 7; *City of Rochester* v. *Collins,* 12 Barb., 559.)

*Charles A. Flammer* for the respondents.

Grover, J. If the premises purchased by the respondent at the sale upon the mortgage foreclosure will remain liable for the payment of such judgment as may be recovered by the department of buildings in the proceedings instituted by that department against Thain, under chapter 625, Laws of 1871, page 1334, he cannot be compelled to complete his purchase until that liability is discharged, as the sale was not made subject to such lien.

It is insisted by the counsel for the respondent that this lien is in the nature of a tax or assessment, and that, although created subsequent to the mortgage under which the sale was made, it is, by virtue of the statute, made paramount to the mortgage. This I regard as the real question in the case. Several acts have been passed to provide against unsafe buildings in the city of New York. The first by which any lien, in behalf of the city for the expenses incurred was given, so far as I am aware, was chapter 470, page 905, Laws of 1860, section 74. By that section the owners of the building were made liable for the expense incurred, and the right was given to sell the materials for the payment of such expenses. In 1862 another act

(chap. 356, p. 574) was passed upon the subject, creating a department of public buildings, by section 38 of which provision was made for the collection of penalties imposed by and certain expenses incurred under the act, in the manner provided in section 43 of the act. Section 43 provides for a liquidation of expenses, etc., and the entry of a judgment therefor, which judgment shall be a lien upon the property and collected upon execution by the sheriff of the county of New York. It is manifest that the lien of the judgment is of the like effect only as that of other judgments, and is subject to prior liens upon the property. Other acts were passed upon the same subject in 1866 and 1867. In 1871 chapter 625, page 1334, was passed, to amend and reduce these several acts into one, section 32 of which imposes a penalty of fifty dollars upon the owners of any structure, staging, building, or part thereof, upon which there may be any violation of the act, whether owners of the land in fee, lessee thereof, or having a qualified or contingent interest therein under a written contract, or in any other manner, and upon such others generally as may have assisted in the erection, except common laborers, and upon all persons who shall violate the act. It is obvious that mere lienors are not included in this section. Section 33 confers jurisdiction upon all courts in the city, having like jurisdiction in other cases, of all suits and proceedings under the act, and provides that the judgment rendered shall be and become a lien upon the premises named in the complaint in any such action, to date from the filing in the county clerk's office, in the city, of a notice of *lis pendens* therein, which lien may be enforced against said property in every respect, notwithstanding the same may be transferred subsequent to the filing of the said notice. It will be seen that the lien of the judgment by this section authorized takes effect only from the date of filing the notice of *lis pendens* in the county clerk's office. It follows that they, like other judgments, are subject to all prior liens.

But it is said that the statute provides that this lien may

be enforced, notwithstanding a transfer of the property at any time subsequent to the filing of the said notice, and that as the notice was filed in the present case before the sale upon the mortgage foreclosure in question, though not until after the commencement of the action and the filing of notice of *lis pendens*, etc., the premises remain liable to the lien notwithstanding such rule. In this position I cannot concur. This in fact makes the judgment a lien prior to that of the mortgage, notwithstanding that of the mortgage attached upon the property long before the commencement of the proceedings or the filing of notice of *lis pendens* under the act, from the latter of which the act expressly provides that the lien of the judgment shall take effect. Such a construction is neither authorized by the letter or spirit of the act, but is contrary to both. It would be unjust to the mortgagee, by impairing and in some cases destroying his lien by proceedings to which he was not a party and of which he had no notice. A construction liable to produce such results ought in no case to be adopted unless clearly required by the language of the statute. The transfer of the property subsequent to the filing said notice, referred to in the statute, notwithstanding which the lien of the judgment may be enforced, does not include a judicial sale for the satisfaction of a prior lien to that of the judgment. If it did, it would make the lien of the judgment under the statute take effect, not upon but before the filing of the *lis pendens*, the latter of which the statute does not authorize. Such sales upon liens prior to the judgment have the same effect upon the lien of a judgment under the statute as upon that of any other judgment. In fact, I can see no distinction between these, except that the one under the statute takes effect from the filing of the notice of *lis pendens*, and the other from the entry of the judgment. Both are subject to all prior liens, which may be enforced against the property, and those subsequent extinguished by making the subsequent lienors parties to the action for foreclosure if their liens attached prior to the commencement of the action, and such liens will be cut off by filing notice of

*lis pendens* in the action if attaching subsequent to its commencement, as was the fact in the present case. Section 36 of the act provides for the service of a notice upon the owners, some or one of them, their executors or agents, lessees or any other persons who may have a vested or contingent interest in any building, etc., which from any cause might then be or should thereafter become dangerous to the effect therein specified; and sections 37 and 38 provide for the recovery of a judgment in certain cases where such notice has been served, and for the sale of the premises described in such notice, together with all the right, title and interest that the persons or either of them named in the said notice had in the lot, etc., at the time of the filing of a notice of *lis pendens* in the proceeding or at the time of the entry of the judgment. Those having prior liens as security are not affected by this judgment. They have not, within the meaning of section 36, a vested or contingent interest in the premises. In short, they have no estate in the land, and are not among those who may be served with notice. The interest of the former only can be sold upon the judgment.

My conclusion is, that the appellant, under his purchase, acquired the title free and clear of any lien of a judgment in the proceeding instituted upon the service of the notice upon Thain; that notice of *lis pendens* in this proceeding, upon which the claim is made, having been filed after the commencement of this action, and filing notice, etc., therein, the remedy upon the judgment in the proceeding under the statute was limited to the surplus money arising upon the sale, if any. The cancellation of the notice filed before the mortgage was given by order of the court, founded upon consent, terminated that, and no future effect could be given to it. The one filed after the mortgage lien attached and before the action was commenced was subject to the mortgage, and so pronounced by the judgment. It follows that the motion for an order upon the appellant to complete his purchase should have been granted

The order of the General and Special Terms must be reversed, with costs, and an order granting the motion made.

All concur.

Order reversed, and ordered accordingly.